UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-MC-22466

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

     *Petitioner*,

vs.

ANDRIY SHEPITSEN,

     *Respondent*.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *Emergency Petition for Entry of Order Permitting Involuntary Administration of Nutrition,* [DE 1] (the Petition), filed by Petitioner, the Department of Homeland Security, Immigration and Customs Enforcement's (ICE). The Court has reviewed the Petition and the supporting declaration of Assistant Field Office Director Charles Parra and that of Respondent's treating physician at Krome, Manuel E. Lopez Diaz, M.D.

The Court finds that an emergency condition exists, due to Respondent's refusal to voluntarily consume adequate food and nutrition, which in the medical opinion of his treating physician, has already caused significant deterioration to his health, is likely exacerbating the effects of his hunger strike, and has caused potentially life-threatening bodily harm. Accordingly, limited involuntary medical intervention is now required to preserve Respondent's life.

The Court finds, based on Dr. Lopez Diaz's declaration, that the involuntary administration of nutrition, on Respondent, is medically appropriate and necessary to preserve

Respondent's life. *See* Lopez Declaration at ¶¶ 18-22.

Finally, the Court finds there is a need to take immediate action on Petitioner's request, pending any challenge by Respondent to Petitioner's commencement of this civil matter.

Accordingly, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Petition is **GRANTED**.

2. ICE is **AUTHORIZED**, through competent medical authority, including medical staff at Larkin Community Hospital, Inc., located in Miami, Florida (Larkin), to involuntarily administer nutrition to Respondent. However, ICE is only authorized to involuntarily administer nutrition to Respondent if—in the professional medical judgment of Respondent's treating physician and based on Respondent's laboratory studies and/or physical evaluations—nutrition is determined to be medically necessary to prevent injury, further dehydration, malnourishment, organ failure, or loss of life as a result of Respondent's self-imposed hunger strike.

3. ICE is further **AUTHORIZED**, through competent medical authority, to include the medical staff at Larkin, to restrain Respondent with medical soft restraints if he resists or asserts that he intends to resist the administration of routine nutrition.

4. This Order shall remain in effect until such time that Respondent's food and water consumption is voluntary, continuous, and sufficient as determined by the medical staff at ICE or Larkin, in their clinical judgment and in consideration of objective data including but not limited to Respondent's laboratory results and weight gain.

**DONE AND ORDERED** in Miami, Florida, this ___ day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE