UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-mc-22466-BLOOM

IN RE APPLICATION OF

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

     *Petitioner*,

vs.

ANDRIY SHPITSEN,

     *Respondent*.

_____/

**JOINT MOTION TO STAY PROCEEDINGS PENDING
RESPONDENT'S COMPETENCY EVALUATION
AND INCORPORATED MEMORANDUM OF LAW**

The parties, through their respective counsel and pursuant to pursuant to Federal Rules of Civil Procedure 1, 6(b), and 16(b) and Local Rule 7.6, respectfully request that this matter be stayed for a period of 5 days because the Parties have agreed that Respondent shall submit to an independent competency evaluation at Larkin Community Hospital. In support, the parties advise the Court as follows:

On April 9, 2026, Petitioner filed its Emergency Petition for Entry of Order Permitting Involuntary Administration of Nutrition (Petition) identifying, Andriy Shepitsen (Respondent), as Respondent. [ECF No.1]. Respondent is a native and citizen of Ukraine who is engaged in a hunger strike while detained at Krome Service Processing Center, Miami, Florida (Krome) in the custody of U.S. Immigration and Customs Enforcement (ICE). [ECF No. 1 Ex. A. ¶ 4]. The same day, Respondent's counsel appeared in this matter and was

Ordered by this Court to respond to the Petition by 3:00 P.M. on April 10, 2026. [ECF No. 3, 5].

Petitioner seeks an order for administration of involuntary nutrition on the basis that Respondent's hunger strike, if continued, "will result in permanent damage to his internal organs and if left untreated will cause fatal arrhythmia and/or cardiac arrest. [ECF No. 1. Ex. B ¶ 18]. The Petition additionally alleges Respondent has been evaluated by a psychiatrist and displays no evidence "rendering him incapable of making an informed decision regarding whether to eat or drink." [ECF No. 1 Ex. B ¶ 11]. Respondent's counsel has since questioned that assertion.

On April 10, 2026, counsel for the Parties met and conferred, and they agreed that Respondent will submit to an immediate competency evaluation to occur at Larkin Community Hospital on April 10, 2026 by an independent medical expert, not employed by Petitioner, and that this matter, including the 3:00pm deadline for counsel to respond to the Petition, should be stayed pending the results of Respondent's independent competency evaluation, the outcome of which is likely to materially impact the instant proceedings.

Should Respondent be found incompetent then the merits of the Petition may be rendered moot as Respondent is likely subject to provisions of Section 394.463, *Florida Statutes* ("Baker Act"), and resultantly will be administered "emergency treatment . . . necessary for the safety of the patient or others" at Larkin Community Hospital, pursuant to Florida law, and not at Krome. *Id.* at (2)(f). Conversely, if Respondent is found competent, and continues his hunger strike, then the merits of the Petition will become ripe for this Court's review and Respondent's counsel will request leave to file a response to the Petition at that time.

In light of the above and for the purpose of reducing the need for further Court intervention, conserving the resources of both the parties' and the Court, the parties submit that good cause exists to grant their jointly-requested stay.

## JOINT MEMORANDUM OF LAW

### A.    Applicable Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 1 provides that:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts …. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action.

Federal Rule of Civil Procedure 6(b) provides that "[a] court may, for good cause, extend the time" for the Parties to act "if a request is made, before the original time or its extension expires."

Federal Rule of Civil Procedure 16(b)(4) likewise provides that "[a] schedule may be modified only for good cause and with the judge's consent."

Together, Federal Rules and Local Rules allow for extensions of time and/or stays upon a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A) and 16(b)(4); Local Rule 7.6; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *DeCurtis LLC v. Carnival Corp.*, 20-22945-CIV, 2021 WL 3666330, at \*2 (S.D. Fla. Aug. 18, 2021); *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 17-80305-CV, 2018 WL 679490, at \*3 (S.D. Fla. Feb. 2, 2018). A stay or an extension of time is within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery. *Ryan v. Gonzales,* 568 U.S. 57, 74 (2013); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *see also Connor v. Secretary, Florida Dept. of Corrections*, 713 F.3d 609, 619 (11th Cir. 2013).

As the Supreme Court recognized, the power to grant extensions or to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936).

\* \* \*

As set forth above, the results of Respondent's independent competency evaluation to be conducted at Larkin Community Hospital will materially affect the nature of the claims (and anticipated defenses) at issue in this case. Specifically, the results of Respondent's competency evaluation may moot the Petitioner's need for this Court's intervention, should the Baker Act be invoked. A limited, 5-day stay in this case—through the date of Respondent's independent competency evaluation and including a reasonable buffer at the end for the independent examiners and physicians at Larking Community Hospital to complete any post-examination processes—is in the best interest of the parties and the conservation of judicial resources. The alternative is the expenditure of significant resources briefing and deciding the viability of the instant Petition, which may be rendered moot if Respondent is deemed incompetent.

Further, because the parties do not know what will happen at the evaluation or what findings will result therefrom, the parties respectfully request that they be permitted to file a status report on or before the final day of the stay, advising the Court of the current status of Respondent's competency and providing their suggestions as to whether the stay should be lifted, should remain in place for some identifiable, further amount of time based on the

circumstances, or whether this matter should be dismissed.[1]

**WHEREFORE**, the parties respectfully request the entry of an order staying this matter through and including April 15, 2026. The parties further request that on or before October 15, 2026, they be directed to file a status report (joint or individual) advising the Court of the status of Respondent's independent competency evaluation and indicating whether and why the stay should remain in place, be lifted, and/or whether this matter should be dismissed.

Respectfully submitted,

**JASON A. REDING QUINONES**
**UNITED STATES ATTORNEY**

*/s/ Payton H. Poliakoff*
Fla. Bar No. 1025078
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel: 305.961.9176
Email: Payton.Poliakoff@usdoj.gov

*/s/ Katherine H. Blankenship*
Katherine H. Blankenship, Esq.
FL Bar No. 1031234
Sanctuary of the South, PLLC
3317 Dayton Blvd., #15103
Chattanooga, TN 37415
786-671-8133
katie@sanctuaryofthesouth.com

*Counsel for Respondent*

*/s/ John Ghannam*
John Ghannam
Assistant United States Attorney
Fla. Bar. No.: 1031575
99 N.E. 4th Street, Suite 300
Miami, Florida 33132-2111
Tel: 305.961.9030
Email: John.Ghannam@usdoj.gov

*Counsel for Petitioner*

---

[1] To the extent the parties agree, this proposed status report will be filed jointly. If not, the parties propose to file their own, individual status reports. If the stay is lifted, then Respondent will respond to the Petition and the parties will comply with such further deadlines or orders set by the Court.